Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following FINDINGS OF FACT:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The Pre-Trial Agreement filed by the parties on August 13, 1993 is incorporated herein by reference.
2. The Industrial Commission has jurisdiction over the subject matter of this case, and the parties are properly before the Commission. The plaintiff was employed with defendant-employer at the relevant time.
3. The plaintiff's average weekly wage was established as $470.00, which yields a weekly compensation rate of $313.35.
4. The plaintiff received temporary total disability compensation for the following periods:
July 23, 1989 through August 28, 1989
July 12, 1990 through September 16, 1990
September 27, 1990 through January 27, 1991
January 28, 1991 through February 7, 1992
5. The issue for determination is whether the plaintiff is entitled to temporary total disability benefits from the ordered termination of benefits by Deputy Commissioner Chapman on February 7, 1992 to present or whether the plaintiff is entitled to temporary partial benefits from the date he began working.
* * * * * * * * * * *
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a 49 year-old male with an 11th grade education who worked in heavy manual labor jobs during his working career.
2. Form 21 and 26 agreements were previously approved in this case and are incorporated herein by reference. On June 30, 1992, Deputy Commissioner Morgan S. Chapman entered an Opinion and Award, which was not appealed, and is incorporated herein by reference. Deputy Commissioner Chapman found the plaintiff appears to have had an earning capacity, but the evidence necessary to resolve other benefit issues was not before her.
3. A vocational assessment of the plaintiff was conducted on September 8, 1993 by Stephen D. Carpenter, a rehabilitation consultant, and disclosed that the plaintiff was capable of lifting 10-15 pounds frequently and 25-30 pounds infrequently, with no prolonged sitting or standing without change of position, and no frequent bending or stooping. Based upon the restrictions, Mr. Carpenter opined in his November 4, 1993 report that there were numerous job openings noted by labor market data in the sedentary to light exertional categories, within plaintiff's restrictions as given by Dr Sean Maloney during the time period from February of 1992 through the date of the report.
4. The plaintiff testified that he looked for work in 1992, and made between 30 to 40 inquiries. However, he could provide the names to only two businesses, and there is some confusion as to whether those names were from 1992 or 1993, and was unable to recall to whom he had submitted any written applications even though he testified his attorney had told him to write it down. The plaintiff did not seek the assistance of either the Employment Security Commission or a temporary job service for assistance in his job search to identify job openings in 1992.
5. The plaintiff prepared a job search log with 24 entries of businesses, from January 1, 1993 through March 29, 1993, from which he had sought employment. However, none of the businesses listed by the plaintiff had indicated job vacancies at the time of his inquiries. Two of the businesses plaintiff contended that he had contacted denied any inquiry from the plaintiff. Specifically, BER Construction Company's personnel clerk testified they were hiring at the time of plaintiff's alleged visit, and that if he had come in, he would have been requested to complete a written application, which they keep on file disclosed no application completed by the plaintiff. Similarly, Thompson Mechanical, which plaintiff alleged he went to, did not have an application on file and Jim Thompson had never seen the plaintiff before the hearing.
6. The plaintiff did not seek assistance from the Employment Security Commission or from an employment agency during 1993.
7. The plaintiff contends he went to Vocational Rehabilitation in 1992 and was told there were no funds available to assist him. He stated he was given the same response in 1993 when he requested assistance.
8. The plaintiff began working at the World of Wood on June 13, 1993, working 13-20 hours per week for $4.25 per hour. The plaintiff's duties include estimates, customer service and spray-finishing handcrafted furniture with a spray gun.
9. Based upon credible evidence, the undersigned find that from February 7, 1992, the last date Dr. Maloney saw the plaintiff, when the plaintiff reached maximum medical improvement, the plaintiff failed to make a reasonable effort to find other employment. The plaintiff was unable to identify employers to whom he had applied for work, if any, during 1992. The job search list submitted by the plaintiff for the first three months of 1993 contained false or misleading information on at least two of the entries, and the plaintiff was vague about the nature of the contacts with the other entries on the list. The plaintiff did not offer evidence of any job search activities between March 30, 1993 and June 12, 1993, and the plaintiff did not attempt to utilize newspaper advertisements, the Employment Security Commission, or any other employment source which maintains information regarding job vacancies. Thus, the plaintiff's testimony and evidence regarding his job search are not accepted as being credible evidence of the extent of his wage earning capacity.
10. The plaintiff has failed to establish by a preponderance of the credible evidence that he has been disabled from earning wages from February 7, 1992 through June 12, 1993, pursuant to N.C.G.S. §§ 97-29 and 97-30. The plaintiff did not make a reasonable effort to seek employment and has not demonstrated any disability other than the 10 percent permanent partial disability to his back, as was previously assigned by Dr. Maloney by letter dated January 7, 1992.
11. The Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be afforded their testimony. Blalock v. Roberts Paving Co., 12 N.C. App. 499,183 S.E.2d 827 (1971).
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. The plaintiff is not entitled to temporary total or temporary partial disability compensation. N.C.G.S. §§ 97-29 and97-30; Russell v. Lowes Product Distribution, 108 N.C. App. 762,425 S.E.2d 454 (1993).
2. The plaintiff is entitled to permanent partial disability benefits for the 10% rating to his back. N.C.G.S. § 97-31 (23).
3. Plaintiff is entitled to medical compensation necessary as a result of the July 11, 1989 injury by accident. N.C.G.S §§ 97-25 and 97-2(19); Hyler v. GTE Products Co., 333 N.C. 258,425 S.E.2d 698 (1993).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. The defendants shall pay permanent partial disability compensation to the plaintiff for a period of 30 weeks at the compensation rate of $313.35 per week. Such compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee hereinafter approved.
2. An attorney's fee in the amount of 25 percent of the compensation awarded in paragraph one is approved for plaintiff's counsel. Said amount shall be deducted from the benefits due the plaintiff and paid directly to counsel for the plaintiff.
3. Defendants shall pay bills for necessary medical compensation incurred by reason of the subject compensable injury when the same have been submitted to and approved by the Commission.
4. Defendants shall pay the costs.
 S/ ________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________________ COY M. VANCE COMMISSIONER
S/ _________________________ FORREST H. SHUFORD, II SPECIAL DEPUTY COMMISSIONER
JRW/jss 2/2/95